IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) C.A. No. 6:09-1212-HMH |
| | ) |
| vs. | ) **OPINION & ORDER** |
| | ) |
| Willie Coleman, | ) |
| | ) |
| Movant. | ) |

This matter is before the court on Willie Coleman's ("Coleman") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons given below, the court summarily dismisses Coleman's motion.

On July 15, 2010, Coleman pled guilty to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). His seven prior criminal convictions yielded nine criminal history points. (PSR ¶¶ 23-30.) The United States Sentencing Guidelines ("U.S.S.G.") imposed three additional criminal history points because Coleman committed the instant offense while under the supervision of the South Carolina Department of Probation, Parole and Pardon Services, and because the instant offense was committed less than two years after his release from imprisonment on a qualifying sentence. U.S.S.G. § 4A1.1(d), (e) (2009). Coleman's total criminal history points of twelve gave him a criminal history category V. (PSR ¶ 43.) Based on an offense level of 21, Coleman's guideline range was 70 to 87 months' imprisonment. (Id. ¶ 56.) On December 21, 2010, Coleman was sentenced by the Honorable Henry F. Floyd to the sixty-month mandatory minimum term of imprisonment.

1

Coleman did not appeal his conviction or sentence. On December 5, 2011, he filed the instant motion to set aside his sentence pursuant to § 2255. Coleman contends that he is entitled to § 2255 relief because the sentencing court erroneously computed his criminal history category. (Coleman § 2255 Mot. 5, 16.) A collateral attack under § 2255 is not a substitute for a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). A defendant, therefore, waives non-constitutional sentencing errors by failing to raise them on direct appeal. See United States v. Emanuel, 869 F.2d 795, 796 (4th Cir. 1989).[1] Because Coleman's claim to habeas relief is premised exclusively upon a non-constitutional sentencing error not presented in a direct appeal, the court concludes that his § 2255 motion is without merit. See United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999).

It is therefore

**ORDERED** that Coleman's motion to vacate, set aside, or correct his sentence, docket number 49, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Coleman has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
December 9, 2011

---

[1] Coleman fails to present any facts that could plausibly demonstrate cause and actual prejudice to excuse his procedural default or otherwise show actual innocence. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010).

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.